UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In Re:
Sonia V. Olivares,

Debtor.
_______________________/

Case No.: 16-16959-LMI
Chapter 13

**MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN OF TRUST MORTGAGE ON REAL PROPERTY**

An emergency hearing has been requested prior to May16, 2016, because a sale date has been set by the second mortgage that is totally underwater. The Debtor needs time to prepare and file a subsequent petition prior to the May 16, 2016 sale date.

**IMPORTANT NOTICE TO CREDITORS:**
**THIS IS A MOTION TO VALUE YOUR COLLATERAL**

**This Motion seeks to value collateral described below securing the claim of the creditor listed below.**

**If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]**

1. Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, Local Rule 3015-3, the debtor seeks to value real property securing the claim Trust Mortgage, LLC. Lender holds a second mortgage recorded at OR Book 24459 Page 3077 in the official records of Miami-Dade County, Florida.

2. The real property is located at 18420 NW 78 Ave., Hialeah, FL 33015, and is more particularly described as follows:

PB 82-49 PALM SPRINGS NORTH SEC O LOT 11 & PROP INT IN & TO LAKE BLK 51 LOT SIZE 10800 SQ FT OR 20585-4003 0702 1 COC 24459-3049 04 2006 1, of the Public Records of Miami-Dade County, Florida.

3. At the time of the filing of this case, the value of the real property is $459,544.00 as determined by a property report from www.zillow.com.

4. US Bank National Assoc.. holds a lien on the real property, senior to priority to Lender, securing claims in the aggregate amount of $823,372.03.

5. *(Select only one):*

✓ Lender's collateral consists solely of the debtor's principal residence. As there is no equity in the real property after payment in full of the claims secured by liens senior to that of Lender, the value of Lender's secured interest in the real property is $0.

_____ Lender's collateral is not solely the debtor's principal residence. After payment in full of the claims secured by liens senior to that of Lender, there is equity of $ ___________ remaining in the real property. Accordingly, the value of Lender's secured interest in the real property is $ ________ and the value of the Lender's unsecured, deficiency claim is $ ___________.

6. The undersigned reviewed the docket and claims register and states (select only one):

✓ Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

or

___ Lender has filed a proof of claim in this case. It shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim.

7. The subject real property may not be sold or refinanced without proper notice and further order of the court during the pendency of the instant bankruptcy.

8. The Debtor has incurred reasonable attorney's fees in bringing and prosecuting the instant motion. Under the loan documents the lender is entitled to attorney's fees as a result of litigation of the mortgage. Under Florida Statute 57.105 attorney's fees are reciprocal.

**WHEREFORE,** the debtor respectfully requests an order of the Court (a) determining the value of the real property in the amount asserted in this Motion, (b) determining the secured status of the Lender's lien as stated above, (c) determining that any timely filed proof of claim is classified as stated above, (d) if Lender's secured interest in the real property is determined to be $0, deeming Lender's second mortgage on the real property void and extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case, and (e) awarding Debtor's counsel reasonable attorney's fees and (f) providing such other and further relief as is just.

**NOTICE IS HEREBY GIVEN THAT:**

**1.** In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at or before the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing or order of the Court. Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

**2.** The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

Submitted By:

Freire & Gonzalez, P.A.
Attorneys for Debtor(s)
[ ] Edward Freire, Esq. FBN: 0813771
[✓] Laila S. Gonzalez, Esq. FBN: 0975291
[ ] Gianny Blanco, Esq., FBN: 0078080
10647 N. Kendall Drive
Miami, FL 33176
Ph. (305) 826-1774
Fax (305) 826-1794
courtdoc@fgbkc.com