*Tagged Opinion*



**ORDERED in the Southern District of Florida on November 16, 2016.**

_____
**Laurel M. Isicoff
Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                                  CASE NO. 16-16959-BKC-LMI

SONIA OLIVARES,                                         Chapter 13

      Debtor.
_____/

### MEMORANDUM OPINION OVERRULING OBJECTION TO CONFIRMATION AND GRANTING MOTION TO VALUE

On September 29, 2016, the Court conducted a trial on the Objection to Confirmation of Debtor's Seventh Amended Plan (ECF #71), asserted by Creditor Trust Mortgage, LLC ("Trust Mortgage") as well as the Debtor's Motion to Value and Determine Secured Status of Lien of Trust Mortgage on Real Property (ECF #25) (the "Motion to Value").

Pursuant to a Joint Pretrial Stipulation (ECF #83), the Debtor and Trust Mortgage identified the following as "Disputed Facts":

*1.     The Debtor has proposed the instant plan, in bad faith.*

*2.     There is no equity in the property,*

*3.     The Debtor is proposing the instant plan, in good faith.*

The parties identified the following as "Unresolved Issues":

*1.     If the Debtor is proposing her plan in good faith.*

*2.     If the Debtor's Seventh Amended Chapter 13 Plan should be confirmed.*

*3.     If the Debtor's Motion to Value Collateral and Determine Secured Status should be granted.*

*4.     If the Debtor's Motion to Value Collateral and Determine Secured Status is granted does the fee shifting provision of Florida Statue [sic] 57.105 provide for the Court to award the Debtor's attorney's fees to be paid by the Creditor.*

Since Trust Mortgage conceded (and there was no evidence to the contrary) that there is no equity in the Debtor's homestead to secure Trust Mortgage's second mortgage,[1] the only remaining issues are (a) whether the Debtor's case should be dismissed because her plan has not been proposed in good faith; (b) whether the Debtor can strip Trust Mortgage's lien when the first mortgage (the "First Mortgage"), held by U.S. Bank, N,A. ("U.S. Bank") is being treated "outside the plan"; and (c) whether the Debtor can rely on Fla. Stat. §57.105 and seek attorney fees incurred in connection with the motion to value.

---

[1] In fact, the undisputed evidence is that the property at issue is worth $459,544.00 and the amount owed on the first mortgage is $823,372.03.

2

The Eleventh Circuit set forth a non-exclusive list to determine whether a debtor's chapter 13 plan has not been proposed in good faith. *In re Kitchens*, 702 F. 2d 885 (11th Cir. 1983). In going through the *Kitchens* factors, Trust Mortgage primarily emphasizes arguments that could be raised by the holder of the First Mortgage should the holder of the First Mortgage chose to complain, but it has not, and Trust Mortgage may not do the complaining on its behalf. *See In re Johns-Manville Corp.*, 68 B.R. 618, 623 (Bankr. S.D.N.Y. 1986), *aff'd*, 78 B.R. 407 (S.D.N.Y. 1987), *aff'd sub nom.*, *Kane v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 843 F.2d 636 (2d Cir. 1988) ("[N]o party may successfully prevent the confirmation of a plan by raising the rights of third parties who do not object to confirmation."); *In re Steele*, 403 B.R. 882, 886 (Bankr. D. Kan. 2009) (stating an interest that is dependent on how another creditor's claim is treated and paid is not sufficient to afford standing to object to the other creditor's treatment in a chapter 13 plan).

The crux of Trust Mortgage's argument is that the Debtor cannot meet the payment requirements that U.S. Bank may impose during the course of considering the Debtor's request for a loan modification. However, since Trust Mortgage has no idea what U.S. Bank will propose, Trust Mortgage's argument that, based on the Debtor's prior case that the Debtor won't be able to make the payments, is pure speculation.

Moreover, Trust Mortgage questions the commitment by the Debtor's daughter and her boyfriend to help fund the mortgage payments. However, Trust

3

Mortgage provided no evidence that the daughter and her boyfriend are not sincere; its argument that they didn't help the Debtor before is not relevant.

Trust Mortgage also claims that it is bad faith for the Debtor to do a modification outside of this Court's MMM program. That argument is baseless. If a debtor and his or her lender can do a modification outside of bankruptcy that is fine. The MMM program is a resource not a requirement and the election to proceed outside of the MMM program, has not been, and will not be, a basis for finding bad faith.

Finally, Trust Mortgage argues that the Bankruptcy Code does not allow the Debtor to strip off liens if the primary lien is being "treated outside the plan", but Trust Mortgage did not cite any Bankruptcy Code provision, or any case, that holds that these treatments are mutually exclusive.

Trust Mortgage also argues the Debtor's Seventh Amended Chapter 13 Plan (ECF #71) (the "Plan") is not feasible and therefore the Plan should not be confirmed. Moreover, Trust Mortgage argues, because the Plan is not confirmable its lien should not be stripped. However, the Debtor met her burden of proof on feasibility, which proof was not adequately rebutted by Trust Mortgage. If the Debtor does not get a workable modification from U.S. Bank, and the Debtor cannot keep up her plan payments, then the Debtor will lose her home, and, possibly, will not complete the Plan. If the Debtor loses her home or if the Debtor does not complete the Plan, then her lien strip of Trust Mortgage's lien will have no effect. The lien strip is conditional at this juncture of the bankruptcy case, not absolute.

The Court finds that the Debtor's plan was proposed in good faith and that the Debtor has met her burden on feasibility.  Accordingly, Trust Mortgage's objection to confirmation is OVERRULED.

The Debtor argues that she is entitled to attorney fees pursuant to the reciprocity provisions of Fla. Stat. §57.105(7) which states "If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract."  However, there is no document in evidence that states what is the attorney fee provision on which the Debtor relies.  Moreover, a motion to value is not an "action to enforce the contract" or even "with respect to the contract", but rather, as Trust Mortgage noted in its closing, a right that arises solely under the Bankruptcy Code.  The Debtor did not cite any cases that hold that a motion to value triggers an attorney fee clause in a note or mortgage.

Accordingly, for all of these reasons, the Debtor's request for attorney fees is DENIED.

The Debtor is directed to submit

a.    An order granting the motion to value on the appropriate form order; and

b.    An order confirming the Seventh Amended Plan.

# # #

Copies furnished to:
Laila Gonzalez, Esq.
Linda Leali, Esq.

*Attorney Gonzalez is directed to serve a copy of this order on all interested parties and timely submit a certificate of service.*